IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   vs.<br><br>HARLAN M. THOMPSON; DIANE C. THOMPSON; MAPLE LEAF FUNDING, A "PURE" TRUST; CAPITOL ONE BANK; and DISCOVER BANK,<br><br>        Defendants. | 8:13CV180<br><br>ORDER |

    This matter comes before the court on the plaintiff United States of America's Motion to Compel Discovery Responses (Filing No. 40) and on a subsequent related Objection to Non-Party Subpoena to Issue on May 7, 2014 Upon Bank of America (Filing No. 49) filed by the defendants Harlan Thompson and Diane Thompson (the Thompsons). In the motions, the parties dispute whether certain of the defendants' financial information, including the transfer of property into a trust, is discoverable prior to this court's determination on the validity of several tax assessments. Without exception, the financial information is discoverable at this time.

BACKGROUND

    The plaintiff filed this action in an attempt to reduce to judgment the federal income tax assessments made against the Thompsons and foreclose federal tax liens on property. See Filing No. 1 - Complaint p. 1. To this end, the government alleges the Thompsons owe outstanding tax assessments and either created a sham trust or fraudulently transferred property to avoid payment. *Id.* Additional details follow based on a summary of facts alleged in the Complaint. On June 2, 2000, the Thompsons purchased property located at 399 East 7th Street in Wakefield, Nebraska (the Wakefield Property) and, also in June, borrowed approximately $223,000 against the property. **See** *id.* ¶¶ 43-46. Nearly six years later, on May 29, 2006, the Secretary of the Treasury assessed over $50,000 against the Thompsons for underreporting their income on 2002 and 2003 federal income tax returns. **See** *id.* ¶¶ 12, 15. Less than one

year later, on February 8, 2007, the Thompsons quitclaimed the Wakefield Property to the defendant Maple Leaf Funding, a "Pure" Trust (Maple Leaf), for $1.00 "subject to the United States' federal tax liens for 2002 and 2003." **See** *id.* ¶¶ 49-50. Since the transfer, Harlan Thompson has operated a business on, paid the utilities and property taxes for, paid the deeds of trust to land on, and, with his wife, exercised exclusive possession of the Wakefield Property. **See** *id.* ¶¶ 54-56, 58-60. The Secretary of the Treasury also assessed amounts for the 2005, 2006, and 2007 tax years, including income taxes due and penalties for filing frivolous tax returns. *Id.*

Based on these facts, the Complaint alleges five claims against the Thompsons. **See** *id.* ¶¶ 9-65. In the first three claims, the plaintiff seeks to reduce to judgment the alleged joint and individual federal income tax debts and I.R.C. § 6702(a) penalties for frivolous returns the Thompsons incurred between 2002 and 2007. **See** *id.* at 1 and ¶¶ 9-33, Claims I, II, and III. The final two claims seek entry of foreclosure of a tax lien filed with the Dixon County, Nebraska, Register of Deeds against the Wakefield Property to enforce the federal income tax liabilities. **See** *id.* ¶¶ 34-65, Claims IV and V. As part of these two claims, the plaintiff contends the court should authorize the liens against the Thompsons to attach to the Wakefield Property under 26 U.S.C. § 7403, because Maple Leaf is a sham trust as the Thompsons are the true beneficial owners of the Wakefield Property or the Thompsons fraudulently transferred the Wakefield Property to Maple Leaf. **See** *id.* ¶¶ 49-69. On October 21, 2013, the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a), against the defendant Maple Leaf for its failure to plead or otherwise defend in this case. **See** Filing No. 21.

The Thompsons deny liability on the plaintiff's claims, asserting each tax assessment against them in Claims I, II, and III is invalid except for the 2006 tax assessment, which has since been paid in full by a wage garnishment on Diane Thompson. **See** Filing No. 44 - Brief p. 2-4. Additionally, the Thompsons argue the § 6702(a) frivolous return penalties were not properly processed by the IRS making the penalties invalid. **See** Filing No. 47 - Amended Letter p. 1. Finally, the Thompsons assert Claims IV and V are premature and will not ripen unless the tax assessments against them are reduced to a judgment. **See** Filing No. 44 - Brief p. 5-11.

2

On January 29, 2014, the plaintiff served interrogatories and requests for production on the Thompsons. **See** Filing Nos. 30 and 32 - Certificates of Service. On March 7, 2014, the plaintiff received the Thompsons' responses to the discovery requests. **See** Filing No. 41 - Lindgren Decl. ¶ 4 & Ex. A.[1] The Thompsons' responses consisted of uniform objections on relevancy grounds to fifteen of the plaintiff's interrogatories and to twenty-eight of the plaintiff's requests for production.[2] **See** *id.* Ex. A. The plaintiff and the Thompsons conferred by mail and by telephone regarding the scope of the requested discovery, but were unable to reach an agreement. **See** *id.* Exs. B & C.

On March 24, 2014, the plaintiff filed the instant motion to compel seeking supplemental responses to discovery over the defendants' relevancy objection. **See** Filing No. 40. The plaintiff filed a brief (Filing No. 42), reply brief (Filing No. 46), and an index of evidence (Filing No. 41) supporting its motion to compel. The plaintiff contends each of its objected to interrogatories and requests are relevant to the claims in the Complaint. **See** Filing No. 42 - Brief p. 2, 4-5. Specifically, the plaintiff seeks information and documents related to (1) the Wakefield property, including its fair-market value now and at the time of the transfer, ownership status, and the value and cost of improvements; (2) Maple Leaf, including its formation history, financial assets, and associated persons; and (3) the Thompsons, including their will or wills, tax liabilities, involvement in other trust entities, finances, and financial accounts over which they have exercised signature authority from January 1, 2003, to the present. **See** Filing No. 42 - Brief p. 4-5. Additionally, the plaintiff seeks costs for filing its motion to compel. **See** Filing No. 40.

---

[1] Pursuant to the Civil Rules of the United States District Court for the District of Nebraska (Nebraska Civil Rules) the party providing initial disclosures and responding to discovery "must also file a certificate of service upon serving a response." NECivR 26.1(a) 33.1(e), 34.1(b). Like discovery pursuant to Federal Rule of Civil Procedure 26(a)(1), responses to discovery are served upon the opposing party without filing the actual discovery with the court, unless it is made part of an index of evidence in support of a properly filed motion.

[2] **See** Filing No. 41 - Ex. A at Diane Thompson's Answers to Interrogatories ¶¶ 7, 10, and 12-16; *id.* at Harlan Thompson's Answers to Interrogatories ¶¶ 8, 11, and 13-17; *id.* at Thompsons' Response to Requests for Production (Requests for Production) ¶¶ 7-34.

In response, the Thompsons filed a Motion to Quash[3] (Filing No. 43) supported by a brief (Filing No. 44) with an attached index of evidence.  The Thompsons also filed a letter (Filing No. 47) and amended letter (Filing No. 48) with additional evidence attached.[4]  The Thompsons assert they have responded completely and accurately to the discovery propounded by the plaintiff who fails to clarify any missing information or improper response.  **See** Filing No. 44 - Brief p. 5-11.  Additionally, the Thompsons note the interrogatories and requests for production seek information predicated on the existence of valid tax assessments.  *Id.*  The Thompsons argue, since the plaintiff cannot prove and the court has yet to determine the existence of valid tax assessments, discovery into the Wakefield Property, Maple Leaf, and the Thompsons' finances is premature, at best, and irrelevant to the validity determination.  *Id.*

Unable to obtain Maple Leaf's financial information from the Thompsons for the reasons stated above, on April 30, 2014, the plaintiff sent by certified mail notice to the Thompsons of its intent to issue a subpoena on Bank of America seeking account information about Maple Leaf.  **See** Filing No. 51 - Lindgren Decl. ¶ 2 & Ex. 1.  When it had not received a written objection from the Thompsons by May 7, the plaintiff served the subpoena on Bank of America on May 8, 2014.  **See** *id.* - Lindgren Decl. ¶ 3.  On May 9, 2014, the Thompsons filed their Objection to Non-Party Subpoena of Bank of America.  **See** Filing No. 49.  The Thompsons object to the plaintiff's subpoena on relevancy grounds identical to the arguments made opposing direct production of the information and documents.  **See** *id.* at 1; Filing No. 44 - Brief p. 4-11.  In response, the plaintiff requested Bank of America halt acting on the subpoena until the Thompsons' objection is resolved by the court.  **See** Filing No. 51 - Lindgren Decl. ¶ 4.  The plaintiff also filed a brief (Filing No. 50) and an index of evidence (Filing No. 51) in opposition to

---

[3] The parties are reminded all documents filed shall comply with the Federal Rules of Civil Procedure and the Nebraska Civil Rules.  In opposing a motion, "the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority." NECivR 7.1(b)(1)(A).  The party opposing a motion must not file a motion to quash or similarly titled responsive filing.  NECivR 7.1(b)(1)(A).  The court shall consider the Thompsons' brief and index of evidence in support of their motion to quash as a brief in opposition to the plaintiff's motion to compel.

[4] The Thompsons' letters and attached evidence were not filed within the time period for opposing the motion to compel (NECivR 7.1(b)(1)(B) and (1)(C)), nor do they contain the proper format (NECivR 7.1 and 10.1(a)(3)), as such they may be disregarded by the court.  NECivR 7.1.  Nevertheless, the defendants state the letters were created in response to counsel for the plaintiff Ms. Lindgren's April 2, 2014, Letter, which was attached at Filing No. 48 p. 5.  All of these documents appear relevant to the parties' discovery dispute and will be considered for this purpose only.

the Thompsons' objection. The plaintiff argues the Thompsons' objection should be stricken because the objection was procedurally improper as outside the method required under the Nebraska Civil Rules. **See** Filing No. 50 - Response p. 1, 4. Additionally, the plaintiff contends the Thompsons lack standing to object to the subpoena, which seeks relevant information. **See** *id.* at 1, 5-7. On May 28, 2014, the Thompsons' filed a Motion to Quash Plaintiff's Subpoena Upon Bank of America (Filing No. 52), arguing the May 9, 2014, subpoena was improperly issued without an authorized signature. The plaintiff filed a brief (Filing No. 56) and an index of evidence (Filing No. 57) in opposition to the motion.

## ANALYSIS

### A.     Motion to Compel

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" ***WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). Accordingly, if information has any possibility of impacting either parties' claim or defense it is relevant. **See** ***Cardenas v. Dorel Juvenile Group, Inc.***, 230 F.R.D. 611, 615-16 (D. Kan. 2005).

"When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance." ***Cardenas***, 230 F.R.D. at 615-16. "Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request." *Id.* at 616. Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. **See** ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 352 (1978).

The Thompsons do not contest the interrogatories and requests for production seek discovery relevant to the plaintiff's claims in the Complaint as a whole. Moreover, the plaintiff has met its threshold burden of showing the interrogatories and requests for production are relevant. The tax liability, financial information, and other information sought about the Thompsons is directly relevant to the plaintiff's claims seeking to reduce the tax assessments to judgment and enforce the tax liens. Furthermore, the information sought about Maple Leaf and the Wakefield Property, a defendant and disputed property both explicitly named in the Complaint, directly relates to the plaintiff's attempt to determine the taxpayers' assets and collect the taxpayers' debt. Accordingly, the burden shifts to the Thompsons to justify their objections to the discovery.

Rather than argue the irrelevance of any particular interrogatory or request for production, the Thompsons contend the entire group of interrogatories and requests for production are irrelevant based on the circumstances of the case, as opposed to the face of the Complaint. **See** Filing No. 42 - Brief. The Thompsons argue the government must prove the existence of a valid tax assessment prior to obtaining discovery about the Thompsons' assets. *Id.* The Thompsons provide a number of arguments suggesting the plaintiff will not succeed in reducing the tax assessment to judgment in Claims I, II, and III, such as the assessments were paid in part or improperly processed. *Id.* For these reasons, the Thompsons maintain Claims IV and V are improper until the court determines a valid assessment should be reduced to judgment against them. **See** *id.* at 5-8. The court will not determine the merits of the plaintiff's claims during the pendency of a discovery motion. **See *Etienne v. Wolverine Tube, Inc.***, 185 F.R.D. 653, 656 (D. Kan. 1999) ("A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."). In essence; however, the Thompsons seek to bifurcate discovery and trial by staying discovery on Claims IV and V until the court resolves liability on Claims I, II, and III.

The decision whether to bifurcate discovery is case specific. Rule 26(c)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . including . . . forbidding

6

inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Similarly, Rule 42(b) authorizes the court to separate trial of issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." The Thompsons fail to substantiate any justification for delaying discovery for Claims IV and V. The Thompsons fail to allege any undue burden, expense, or prejudice is associated with the discovery. To the contrary, it appears discovery and trial of the issues together will expedite and economize the parties' and the court's resources. Particularly in a case where, as here, the matter is to be tried to the bench, rather than a jury.

The Thompson's also argue the plaintiff's requests require them to prove a negative--that they have no valid tax assessments against them. **See** *id.* at 10. However the plaintiff's requests do not require the Thompsons to prove anything. The requests merely seek the information or documents the Thompsons may rely upon at trial or in a dispositive motion to challenge the validity of the plaintiff's tax assessments. This requirement is not unusual, undue, or extraordinary in the process of normal discovery proceedings, which allow the parties to prepare for a motion or trial on the merits of the claims.

Accordingly, the plaintiff's motion to compel will be granted. The court finds shifting the costs of the motion or of the response, pursuant to Fed. R. Civ. P. 37(a), is not warranted in this case.

**B.     Objection to Non-Party Subpoena**

The Thompsons' objection, based on relevance, is overruled for the reasons stated above. The court notes, however the plaintiff failed to allow the Thompsons a fair opportunity to object prior to issuing the subpoena. The Nebraska Civil Rules allow the adverse party seven days "[a]fter *receipt* of the notice" to serve a written objection on the noticing party. **See** NECivR 45.1 (emphasis added). The plaintiff alleges it served notice to the Thompsons by mail on April 30, 2014. **See** Filing No. 51 - Lindgren Decl. ¶ 2 & Ex. 1. While there is no evidence in the record identifying when the Thompsons received the notice, the earliest they could have received the notice is May 1, 2014. Under this assumption, the Thompsons' objection was due no earlier than May 12, 2014, based on seven days from receipt, plus an additional three days, since Federal

Rule of Civil Procedure 6(d) undoubtedly applies to service by mail.  **See** NECivR 6(d). Nevertheless, the Thompsons timely filed their objection with the court and the plaintiff voluntarily suspended Bank of America's obligation under the subpoena.  The court has resolved the parties' dispute about the discoverability of the subpoenaed documents. Under these circumstances, the court need not resolve the plaintiff's argument about whether the Thompsons have standing to object to Bank of America's subpoena.  Upon consideration,

**IT IS ORDERED**:

1. The United States of America's Motion to Compel Discovery Responses (Filing No. 40) is granted.  The Thompsons shall have to **on or before July 3, 2014**, to supplement their responses to the plaintiff's January 29, 2014, Interrogatories and Requests for Production of Documents, without objection.  The Thompsons shall file a certificate of service upon serving their responses.

2. The Thompsons' Motion to Quash United States' Motion to Compel Discovery Responses (Filing No. 43) is denied.

3. The Thompsons' Objection to Non-Party Subpoena to Issue on May 7, 2014 Upon Bank of America (Filing No. 49) is overruled.  The plaintiff may re-issue the subpoena.

4. The Thompsons' Motion to Quash Plaintiff's Subpoena Upon Bank of America (Filing No. 52), arguing the May 9, 2014, subpoena was improperly issued without an authorized signature, is denied as moot because this order requires the plaintiff to re-issue the subpoena.

Dated this 12th day of June, 2014.

                                                  BY THE COURT:

                                                  s/ Thomas D. Thalken
                                                  United States Magistrate Judge