IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>HARLAN M. THOMPSON; DIANE C. THOMPSON; MAPLE LEAF FUNDING, A "PURE" TRUST; CAPITOL ONE BANK; and DISCOVER BANK,<br><br>　　　　　Defendants. | 8:13CV180<br><br>ORDER |

　　　　This matter is before the court on the defendants', Diane C. Thompson and Harlan M. Thompson (the Thompsons), Motion to Compel (Filing No. 79).  The Thompsons filed a brief (Filing No. 80) in support of the motion.  The plaintiff, the United States of America, filed a brief (Filing No. 82) and an index of evidence (Filing No. 83) in response.  The Thompsons did not file a reply.

　　　　　　　　　　　　　　　　BACKGROUND

　　　　The plaintiff filed this action in an attempt to reduce to judgment the federal income tax assessments made against the Thompsons and foreclose federal tax liens on property.  **See** Filing No. 1 - Complaint p. 1.  To this end, the government alleges the Thompsons owe outstanding tax assessments and either created a sham trust or fraudulently transferred property to avoid payment.  *Id.*  Additional details follow based on a summary of facts alleged in the Complaint.  On June 2, 2000, the Thompsons purchased property located at 399 East 7th Street in Wakefield, Nebraska (the Wakefield Property) and, also in June, borrowed approximately $223,000 against the property.  **See** *id.* ¶¶ 43-46.  Nearly six years later, on May 29, 2006, the Secretary of the Treasury assessed over $50,000 against the Thompsons for underreporting their income on 2002 and 2003 federal income tax returns.  **See** *id.* ¶¶ 12, 15.  Less than one year later, on February 8, 2007, the Thompsons quitclaimed the Wakefield Property to the defendant Maple Leaf Funding, a "Pure" Trust (Maple Leaf), for $1.00 "subject to the

United States' federal tax liens for 2002 and 2003." **See** *id.* ¶¶ 49-50. Since the transfer, Harlan Thompson has operated a business on, paid the utilities and property taxes for, paid the deeds of trust to land on, and, with his wife, exercised exclusive possession of the Wakefield Property. **See** *id.* ¶¶ 54-56, 58-60. The Secretary of the Treasury also assessed amounts for the 2005, 2006, and 2007 tax years, including income taxes due and penalties for filing frivolous tax returns. *Id.*

Based on these facts, the Complaint alleges five claims against the Thompsons. **See** *id.* ¶¶ 9-65. In the first three claims, the plaintiff seeks to reduce to judgment the alleged joint and individual federal income tax debts and I.R.C. § 6702(a) penalties for frivolous returns the Thompsons incurred between 2002 and 2007. **See** *id.* at 1 and ¶¶ 9-33, Claims I, II, and III. The final two claims seek entry of foreclosure of a tax lien filed with the Dixon County, Nebraska, Register of Deeds against the Wakefield Property to enforce the federal income tax liabilities. **See** *id.* ¶¶ 34-65, Claims IV and V.

The Thompsons deny liability on the plaintiff's claims, asserting each tax assessment against them in Claims I, II, and III is invalid except for the 2006 tax assessment, which has since been paid in full by a wage garnishment on Diane Thompson. **See** Filing No. 44 - Brief p. 2-4. Additionally, the Thompsons argue the § 6702(a) frivolous return penalties were not properly processed by the IRS making the penalties invalid. **See** Filing No. 47 - Amended Letter p. 1. Finally, the Thompsons assert Claims IV and V are premature and will not ripen unless the tax assessments against them are reduced to a judgment. **See** Filing No. 44 - Brief p. 5-11.

On September 9, 2014, the Thompsons served the plaintiff with a third request for the production of "the source documents which contain the explanation why Document Code 54 with a Blocking Series 520-529 is a User Fee." **See** Filing No. 80 - Brief Ex. A - Third Request. In the plaintiff's October 29, 2014, response, the plaintiff objected and stated, in part:

> The Thompsons were not assessed with "user fees," . . . . Instead, they were each assessed with frivolous filing penalties . . . . The United States has produced [discovery] for the frivolous filing penalties at issue in this case . . . . The Thompsons' request for documents regarding "user fees"— which request is based on their misreading of the Internal

2

>Revenue Manual—is not relevant to any party's claim or defense in this case.

**See** Filing No. 83-1 - Response to Third Request.

The Thompsons filed the instant motion to compel on November 10, 2014. **See** Filing No. 79. The Thompsons argue the information sought in their third request will prove the Internal Revenue Service (IRS) did not follow the requirements to make penalty assessments against the Thompsons and the IRS improperly imposed filing fees or user fees upon the Thompsons. **See** Filing No. 80 - Brief p. 3.

The plaintiff argues the Thompsons' motion should be denied because the Thompsons failed to comply with the local rules and confer with plaintiff's counsel before filing the instant motion. **See** Filing No. 82 - Response at 4. Additionally, assuming the court considers the Thompsons' motion, the plaintiff argues the Thompsons have failed to make a threshold showing their request is relevant and within the scope of discovery. *Id.* at 4-5. The plaintiff argues the request has no possible bearing on the claims at issue and is a result of the Thompsons' misreading of the Internal Revenue Manual, which is merely an instructional handbook that "does not have the force of law, does not confer rights to taxpayers, and is not binding on the IRS in litigation with taxpayers." *Id.* at 5-8 (**citing** *United States v. Meisner*, 2007 WL 1290088, at *7 (D. Neb. May 2, 2007)). Lastly, the plaintiff contends it provided the Thompsons with relevant discovery regarding the assessments of frivolous filing penalties. *Id.*

## ANALYSIS

**A.  Duty to Confer**

>The Local Rules state:
>
>>To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons. "Personal consultation" means person-to-person conversation, either in person or on the telephone. An

3

> exchange of letters, faxes, voice mail messages, or emails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party.

**See** NECivR 7.1(i).  The Federal Rules of Civil Procedure also require good faith efforts by the moving party to resolve a dispute prior to filing a motion to compel.  **See** Fed. R. Civ. P. 37(a)(1).  The Thompsons have failed to show they complied with local and federal rules and as a result, the Thompsons' motion is premature.  Nevertheless, in the interest of judicial economy, the court will consider the merits of the Thompsons' motion.

### B.   Merits

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"  **WWP, Inc. v. Wounded Warriors Family Support, Inc.**, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)).  Accordingly, if information has any possibility of impacting either parties' claim or defense it is relevant.  **See Cardenas v. Dorel Juvenile Grp., Inc.**, 230 F.R.D. 611, 615-16 (D. Kan. 2005).

"When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance."  **Cardenas**, 230 F.R.D. at 615-16.  "Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request."  **Id.** at 616.  Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case.  **See Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 352 (1978).

The Thompsons have failed to show the requested discovery, specifically the cited portion of the Internal Revenue Manual, which "is not binding on the IRS in

4

litigation with taxpayers,"[1] is relevant and discoverable.  The Thompsons seek the requested information to challenge the assessments of frivolous filing penalties as improper user fees.  However, as stated in the plaintiff's response and objection to the Thompsons' discovery request, the Thompsons were not assessed user fees.  **See** Filing No. 83-1 - Response to Third Request.  Instead, the Thompsons were assessed frivolous filing penalties.  **See** Filing No. 1 - Complaint ¶¶ 21-23, 29-31.  The plaintiff represents it already produced discovery pertaining to the assessments of frivolous filing penalties.  **See** Filing No. 83 - Lindgren Decl. ¶¶ 5-6.  There is no evidence the plaintiff intends to argue the Thompsons were assessed and failed to pay user fees.  The Thompsons have not shown the requested discovery is relevant or that the plaintiff's production was deficient; therefore, the motion will be denied.  Accordingly,

**IT IS ORDERED**:

The Thompsons' Motion to Compel (Filing No. 79) is denied.

### ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 8th day of December, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[1] **See** *Meisner*, 2007 WL 1290088, at *7 ("It is universally held that the IRM does not have the force of law, does not confer rights on taxpayers, and is not binding on the IRS in litigation with taxpayers.") (collecting cases); **see also** *Ghandour v. United States*, 37 Fed. Cl. 121, 126 n.14 aff'd, 132 F.3d 52 (Fed. Cir. 1997) ("We note that the IRM '[does] not have the force and effect of law' (*United States v. Horne*, 714 F.2d 206, 207 (1st Cir. 1983)), is 'adopted solely for the internal administration of the IRS . . . [, and] does not confer any rights upon the taxpayer.' *United States v. Will*, 671 F.2d 963, 967 (6th Cir. 1982).  Accordingly, we do not consider the section cited to therein to be persuasive.").