IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>HARLAN M. THOMPSON; DIANE C. THOMPSON; MAPLE LEAF FUNDING, A "PURE" TRUST; CAPITOL ONE BANK; and DISCOVER BANK,<br><br>        Defendants. | 8:13CV180<br><br>ORDER |

    This matter is before the court on the defendants', Diane C. Thompson and Harlan M. Thompson (the Thompsons), Motion for Extension of Time to File Their Brief in Opposition to Plaintiff's Motion for Summary Judgment (Filing No. 105). The Thompsons filed a brief (Filing No. 106) in support of the motion. The plaintiff, the United States of America, filed a brief (Filing No. 109) in response. The Thompsons seek an opportunity to file a proper response to the government's October 1, 2014, summary judgment motion because they filed their improperly formatted oppositions beyond the response deadline. **See** Filing Nos. 105 and 106. The government opposes the extension. **See** Filing No. 109.

    The court will not grant the Thompsons an extension of time to file another response in opposition to the government's summary judgment motion. First, the Thompsons have filed two responses. **See** Filing No. 95 - Response ¶ 2-3; Filing Nos. 99 and 100 - Motion and Brief to Deny in Part Plaintiff's Motion for Summary Judgment. The government has already replied to the Thompsons' responses. **See** Filing Nos. 98 and 108. Second, the Thompsons *pro se* status does not excuse untimely responses. **See** *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988) ("Pro se litigants are not excused from complying with court orders or substantive and procedural law.") (**citing** *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam)). Not only have the Thompsons participated in this litigation for more than one year, but the government also brought to the Thompsons' attention the response deadline and rules in the government's filings. In the government's November 4, 2014, status report, which

the government served upon the Thompsons, the government noted the Thompsons' lack of response and cited the court's local rule. **See** Filing No. 78 - Status Report n.3. The government made a similar note in its motion to continue, which the government served upon the Thompsons, filed November 25, 2014. **See** Filing No. 90 - Motion ¶ 2. The Thompsons apparently received the motion as the Thompsons subsequently filed a timely response stating they did not object to the government's motion to continue. **See** Filing No. 95 - Response. The Thompsons did not file the instant motion after being so notified of the response deadline and the rules governing the response. Lastly, the Thompsons have not identified any excusable neglect to warrant an extension. **See** Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). Accordingly,

**IT IS ORDERED**:

The Thompsons' Motion for Extension of Time to File Their Brief in Opposition to Plaintiff's Motion for Summary Judgment (Filing No. 105) is denied.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 7th day of January, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge