# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

HARLAN M. THOMPSON; DIANE C. THOMPSON; MAPLE LEAF FUNDING, A "PURE" TRUST; CAPITOL ONE BANK; and DISCOVER BANK,

        Defendants.

8:13CV180

ORDER

This matter is before the court on the defendants', Diane C. Thompson and Harlan M. Thompson (the Thompsons), Motion to Compel (Filing No. 111). The Thompsons filed a brief (Filing No. 112) in support of the motion. The plaintiff, the United States of America, filed a brief (Filing No. 114) in response. The Thompsons have not yet filed a reply.

## BACKGROUND

The plaintiff filed this action in an attempt to reduce to judgment the federal income tax assessments made against the Thompsons and foreclose federal tax liens on property. **See** Filing No. 1 - Complaint p. 1. The court previously summarized the facts of this case in a prior Order addressing a Thompson motion to compel. **See** Filing No. 92 - Order. As relevant here, on April 2, 2014, the government sent the Thompsons nineteen 8278 Forms in response to the Thompsons' discovery request. **See** Filing No. 112 - Brief. The forms were dark and difficult to read. *Id.* Discovery in this case began on December 26, 2013. **See** Filing No. 25 - Order. All discovery motions were due November 24, 2014. **See** Filing No. 37 - Order.

On January 15, 2015, the Thompsons filed the instant motion to compel. **See** Filing No. 111 - Motion. The Thompsons seek legible copies of the 8278 Forms and the instructions for each form. *Id.* In response, the government argues the Thompsons' motion is filed well past the discovery deadline and improperly seeks to compel discovery despite the fact the motion does not arise from an unanswered discovery

request. **See** Filing No. 114 - Response. Nevertheless, the government states it already produced copies of the 8278 Forms "which the Thompsons are admittedly able to read"[1] and assuming the motion is timely and proper, the instructions in the Internal Revenue Manual (IRM) are not relevant. *Id.*

## ANALYSIS

### A. Timeliness and Duty to Confer

Aside from the fact the Thompsons' pending motion to compel does not relate to the government's failure to answer discovery requested by the Thompsons,[2] the deadline to file discovery motions was November 24, 2014; therefore, this motion is untimely and should be denied summarily. Additionally, the Local Rules state:

> To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord.

**See** NECivR 7.1(i). The Federal Rules of Civil Procedure also require good faith efforts by the moving party to resolve a dispute prior to filing a motion to compel. **See** Fed. R. Civ. P. 37(a)(1). The Thompsons have failed to show they complied with local and federal rules and as a result, the Thompsons' motion is premature. Although the court will consider this motion, any future motion to compel will be denied summarily.

### B. Merits

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" ***WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P.

---

[1] The government cites the Thompsons' April 12, 2014, letter, Filing No. 47, stating "[a]ll the Forms 8278 contain stamped names" and the Thompsons' brief, Filing No. 112, stating "the Forms [8278] bear the stamped name of a Coordinator, and the stamped name of a Reviewer" as evidence the Thompsons can read the forms.
[2] The Thompsons admit they did not make their request during discovery. **See** Filing No. 112 - Brief p. 2.

2

26(b)(1)). Accordingly, if information has any possibility of impacting either parties' claim or defense it is relevant. **See** *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 615-16 (D. Kan. 2005). "When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance." *Cardenas*, 230 F.R.D. at 615-16. "Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request." *Id.* at 616. Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case. **See** *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978).

The court reviewed the 8278 Forms attached to a prior filing made by the Thompsons. **See** Filing No. 95-1. Some of the documents are difficult or impossible to read. The government noted it could provide "more legible copies" in a subsequent filing. **See** Filing No. 98. If the condition of the forms is as reflected in Filing No. 95-1, the Thompsons may **call** counsel for the government to arrange for receipt of legible copies and the government shall provide the Thompsons' such copies. Regarding the instructions requested, the Thompsons have not explained how the instructions are relevant, and, as the court previously stated,[3] the instructions in the IRM "do[ ] not have the force of law, do[ ] not confer rights on taxpayers, and [are] not binding on the IRS in litigation with taxpayers." **See** *United States v. Meisner*, 2007 WL 1290088, at *7 (D. Neb. May 2, 2007) (collecting cases). Accordingly, the court will not compel production of the IRM instructions.

**IT IS ORDERED**:

The Thompsons' Motion to Compel (Filing No. 111) is denied.

### ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order.

---

[3] **See** Filing No. 92 - Order.

Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 2nd day of February, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge