IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **8:13CV180** |
| ) | |
| v. ) | |
| ) | |
| HARLAN M. THOMPSON; DIANE C., ) | **ORDER OF SALE** |
| THOMPSON; MAPLE LEAF FUNDING, A, ) | |
| "PURE" TRUST; CAPITOL ONE BANK; and ) | |
| DISCOVER BANK, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On March 24, 2015, this Court issued a Memorandum and Order granting summary judgment in favor of Plaintiff United States of America. Filing No. 116. In its Order, this Court found that: (1) defendants Harlan Thompson and Diane Thompson "are the true and beneficial owners of the Property" at issue in this case; (2) "the United States has valid and subsisting federal tax liens on the Property" at issue in this case; and ruled that (3) this "Court will enter judgment foreclosing the federal tax liens on the Property described in this case, and order the Property to be sold and any person occupying the Property to leave and vacate the Property." Filing No. 116 at 8.

Accordingly, IT IS ORDERED that the property at issue in this case, and the land with the buildings thereon, located in Dixon County, Nebraska, at 399 East 7th Street in Wakefield, NE ("the Property"), and more particularly described as:

> Lot 1, Turney's Addition located in the South half of the South half of the Southwest Quarter of Section 33, Township 27 North, Range 5, East of the 6th P.M, Dixon County, Nebraska.
>
> Together with a perpetual easement providing ingress and egress over the East 25 feet of Lot 2 of said Turney's Addition as shown on the Plat and Dedication thereof

be sold under title 28 United States Code §§ 2001 and 2002 to satisfy or partially satisfy the federal income tax and federal civil penalty liabilities of defendants Harlan M. Thompson and Diane C. Thompson for tax years 2002, 2003, 2005, 2006, and 2007 as follows:

1. The Internal Revenue Service Property Appraisal and Liquidation Specialists (PALS), is authorized to offer for public sale and to sell the Property.
2. The PALS is authorized to immediately take action on this Order of Sale.
3. The terms and conditions of the sale are as follows:
   a. the sale of the Property shall be free and clear of any interest of Harlan M. Thompson, Diane C. Thompson, Maple Leaf Funding, a "Pure" Trust (Maple Leaf Funding)[1], Capitol One Bank, and Discover Bank;
   b. the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;
   c. the sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises;
   d. the PALS shall announce the date and time for the sale;
   e. a Notice of Sale for the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Dixon County, Nebraska, and, at the discretion of the PALS, by any other notice that the PALS deems appropriate. The Notice of Sale

---

[1] Maple Leaf Funding was named as defendant to this case pursuant to 26 U.S.C. § 7403(b) because this entity may have claimed an interest in the Property. Filing No. 1 ¶ 6. Maple Leaf Funding failed to appear in this case and the Clerk of Court entered its default on October 21, 2013. Filing No. 21. On March 24, 2015, this Court granted the United States' motion for default judgment against Maple Leaf Funding. Filing No. 116.

    shall contain a description of the Property and shall contain the terms and conditions of sale that are set forth in this Order of Sale;

f. the PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of the Court, and under the terms and conditions of this Order of Sale, hold a new public sale, if necessary, and reduce the minimum bid;

g. at the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the District of Nebraska, a deposit in an amount between ten and twenty percent of the minimum bid as specified by PALS in the published Notice of Sale. Before being permitted to bid at the sale, potential bidders shall display proof to the PALS that the potential bidder is able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this Order of Sale;

h. the successful bidder(s) shall pay the balance of the purchase price for the Property within 30 days following the date of the sale by either certified check or cashier's check payable to the United States District Court for the District of Nebraska. This check shall be given to PALS, who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the federal income tax and federal civil penalty liabilities of Harlan M. Thompson and Diane D. Thompson at issue herein. The

       Clerk shall distribute the deposit as directed by the PALS by check made out to the "United States Treasury." The Property shall be again offered for sale under the terms and conditions of this Order of Sale or, in the alternative, sold to the second highest bidder;

  i. the Clerk of Court is directed to accept the proceeds of the sale and deposit it into the Court's registry for distribution pursuant to further Order of this Court;

  j. the sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the Internal Revenue Service shall execute and deliver a quit claim deed conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

  k. when this Court confirms the sale, the Recording Official of Dixon County, Nebraska, shall cause transfer of the Property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law; and

  l. the sale of the Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4. Until the Property is sold, Harlan M. Thompson and Diane C. Thompson shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the

Property. Harlan M. Thompson and Diane C. Thompson shall not commit waste against the Property and shall not cause or permit anyone else to do so.

5. Harlan M. Thompson and Diane C. Thompson shall also do nothing that tends to reduce the value or marketability of the Property or cause or permit anyone else to do so.

6. Harlan M. Thompson and Diane C. Thompson shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

7. Thirty days before the property is offered for public sale, and upon 14 days' advance notice by the IRS (at least 44 days before the date the property is offered for public sale), Harlan M. Thompson and Diane C. Thompson shall vacate the Property permanently, so that it may be publicly sold by the IRS. Harlan M. Thompson and Diane C. Thompson shall take their personal property but leave all improvements, buildings, fixtures, and appurtenances to the Property.

8. If any person fails or refuses to vacate the Property thirty days before the property is offered for public sale, and upon 14 days' advance notice by the IRS, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. Any personal property remaining in or on the Property as of the date of sale is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution. Checks for the purchase of the personal

property shall be made out to the Clerk of Court for the United States District Court for the District of Nebraska, and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

9. In the 30-day period before the Property is offered for public sale, and until the deed to the Property is delivered to the successful bidder by the IRS, the PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

10. After the Court confirms the sale, the sale proceeds deposited with the Clerk of this Court will be applied to the following items, in the order specified:

    a. First, to the PALS for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

    b. Second, the remaining funds after payment made under section (a) above shall be paid to the United States of America to satisfy or partially satisfy Harlan M. Thompson's and Diane C. Thompson's joint federal income tax liabilities for tax years 2002, 2003, and 2006, notice of which was filed with the Dixon County Register of Deeds on April 21, 2008;

    c. Third, pursuant to the stipulation between the United States and defendant Capitol One Bank, [Filing No. 17](#), which was adopted by the Court, [Filing No. 19](#), the remaining funds after payment made under sections (a) and (b) above shall be paid to Capitol One Bank to satisfy Capitol One Bank's judgment lien for the judgment it received against the Thompsons in Wayne County, Nebraska, on or about December 5, 2007, notice of which was filed in Dixon County, Nebraska,

on or about October 24, 2008. The funds shall only be paid to Capitol One Bank if the following requirements are met:

　　i. within 7 days of the entry of this Order of Sale, counsel for the United States is required to mail and e-mail a copy of this Order of Sale to Mark C. Quandahl, attorney for Capitol One Bank, and shall bring paragraph 10(c) of this Order of Sale to Mr. Quandahl's attention. Counsel shall file a certificate of service related to this Order of Sale; and

　　ii. within 21 days of being served with this Order of Sale in the manner specified in paragraph i. above, if Capitol One Bank's judgment lien is not dormant or expired, then Capitol One Bank **shall file** with the Court an affidavit or declaration signed under penalty of perjury attesting to both the ongoing validity and outstanding balance of its judgment lien;

If these requirements are not met, and Capitol One Bank fails to either attest to the ongoing validity of its judgment lien or to provide the current outstanding balance for its judgment lien in the manner and by the deadline set forth above, then Capitol One Bank shall not be paid any funds from the sale and shall forfeit its interest in both the Property and in any proceeds of the sale of the Property;

d. Fourth, the remaining funds after payment made under sections (a), (b), and (c) above shall be paid to the United States of America to satisfy or partially satisfy Harlan M. Thompson's federal income tax liability for tax year 2005, Diane C. Thompson's federal income tax liability for tax year 2007, Harlan M. Thompson's frivolous-return penalty liabilities for tax years 2005, 2006, and

2007, and Diane C. Thompson's frivolous-return penalty liabilities for tax years 2005 and 2007; and

e. Fifth, any further remaining sale proceeds shall be held in the Court's registry pending further order from the Court.

Dated this 8th day of June, 2015          BY THE COURT:

                                                 s/Joseph F. Bataillon
                                                 Joseph F. Bataillon
                                                 Senior United States District Judge